**2017 UT App 197**

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF J.S.,
A PERSON UNDER EIGHTEEN YEARS OF AGE.

N.P.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Opinion
No. 20170622-CA
Filed October 26, 2017

Third District Juvenile Court, Salt Lake Department
The Honorable Charles D. Behrens
No. 1138567

Colleen K. Coebergh, Attorney for Appellant

Sean D. Reyes, Carol L.C. Verdoia, and John M.
Peterson, Attorneys for Appellee

Martha Pierce, Guardian ad Litem

Virginia L. Sudbury and Alison Satterlee, Attorneys
for Father P.S.

Before JUDGES DAVID N. MORTENSEN, JILL M. POHLMAN, and
DIANA HAGEN.

PER CURIAM:

¶1 N.P. (Mother) appeals from the juvenile court's July 10, 2017 order granting permanent custody and guardianship of her child to the child's Father and terminating the jurisdiction of the court. Mother argues that she was denied effective assistance of counsel and that she was denied a reasonable accommodation under the Americans with Disabilities Act (the ADA).

¶2 Mother first asserts that she was denied effective assistance of counsel. By statute, an indigent parent is entitled to appointment of counsel in a child welfare action. *See* Utah Code Ann. § 78A-6-1111(1)(a) (LexisNexis Supp. 2017). In this case, Mother was appointed counsel, later requested and obtained appointment of substitute counsel, and ultimately chose to represent herself with the assistance of appointed standby counsel. Mother does not identify any conduct by any one of her three appointed attorneys that supports a traditional ineffective assistance of counsel claim. Mother also fails to demonstrate that there is a reasonable probability that but for any deficiency in her attorneys' actions the case would have been resolved differently. Accordingly, Mother has failed to demonstrate that she was denied effective assistance of counsel.[1]

¶3 Mother next argues that she was denied reasonable accommodations under the ADA. However, Mother has failed to demonstrate that she preserved such a claim by requesting an accommodation. "[I]n order to preserve an issue for appeal, the issue must be presented to the trial court in such a way that the

---

1. To the extent Mother is challenging the juvenile court's decision to allow counsel to withdraw and Mother to proceed pro se, Mother has failed to provide the court with an adequate record to review such claims. Mother has not provided a transcript of any hearing in which her right to counsel was discussed or in which the juvenile court resolved any of the motions to withdraw as counsel. Nor has Mother provided a transcript of the hearing in which Mother requested to proceed pro se. Without such transcripts, the court cannot evaluate Mother's claims. *See Bevan v. J.H. Construction Co.*, 669 P.2d 442, 443 (Utah 1983) (stating that "[i]n the absence of a transcript, we assume that the proceedings at trial were regular and proper and that the judgment was supported by competent and sufficient evidence").

trial court has an opportunity to rule on that issue." *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (citation and internal quotation marks omitted); *see also In re K.C.*, 2015 UT 92, ¶ 29, 362 P.2d 1248 (indicating that the juvenile court had no obligation to examine whether reasonable accommodations were made under the ADA until the parent actually "invoked" the Act). Mother fails to demonstrate that she ever indicated to the court that she believed that the services offered to her did not adequately take into account her alleged disability. In fact, the record demonstrates that the juvenile court actually did take Mother's disability into account in determining the services Mother would be offered. Specifically, when the juvenile court entered its disposition order in March of 2017, it found that the "[s]ervices are a reasonable accommodation for the parent's disability." There is no indication that Mother objected to the finding or otherwise requested services that were not offered. Accordingly, because Mother did not preserve the issue, and has not otherwise argued that an exception to the preservation rule applies in this case, we do not address the issue on appeal.

¶4    Affirmed.

————————